EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Partido Nuevo Progresista representado por su Secretario, William Villafañe Ramos; Elías F. Sánchez Sifonte; y Sr. Ángel Luis Ramos<br><br>　　　　Peticionarios<br><br>　　　　　　v.<br><br>Estado Libre Asociado de Puerto Rico y Oficina del Contralor Electoral<br><br>　　　　Recurridos | 2016 TSPR 160<br><br>196 DPR \_\_\_\_ |

Número del Caso: CT-2016-11

Fecha: 8 de julio de 2016

Abogados de la parte peticionaria:

　　　Lcdo. Ramón L. Rosario Cortés
　　　Lcdo. Charles A. Rodríguez
　　　Lcdo. Alfonso A. Orona Amilivia

Materia: Resolución del Tribunal con Voto Particular Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Partido Nuevo Progresista representado por su Secretario, William Villafañe Ramos; Elías F. Sánchez Sifonte; y Sr. Ángel Luis Ramos

    Peticionarios

          v.

Estado Libre Asociado de Puerto Rico y Oficina del Contralor Electoral

    Recurridos

*Certificación*

CT-2016-11

RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de julio de 2016.

Examinado el *Recurso de certificación intrajurisdiccional* y la *Moción urgente en auxilio de jurisdicción* presentados por la parte peticionaria, se provee no ha lugar a ambos en este momento.

En consideración a la celeridad que requiere este asunto, instamos al Tribunal de Primera Instancia a que en un término de cinco (5) días laborables celebre una vista para recibir prueba y en un término adicional de diez (10) días emita una sentencia con las determinaciones de hecho y de derecho correspondientes.

Notifíquese inmediatamente por correo electrónico, teléfono y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Juez Asociada señora Rodríguez Rodríguez hace constar la siguiente expresión a la cual se unen la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez:

Estoy conteste con la determinación de una mayoría de este Tribunal. Estimo que el curso de acción propuesto garantiza que la controversia de índole constitucional planteada sea dirimida ecuánimemente y con el beneficio de la comparecencia de todas las partes, así como la producción de un expediente que viabilice apropiadamente su resolución. Debo consignar, sin embargo, mi inquietud ante la disposición de algunos integrantes de este Foro de adelantar su criterio sobre los méritos de una controversia desconociendo si la parte demandada ha sido debidamente emplazada. Asimismo, es preocupante que ese criterio se fundamente en meras alegaciones formuladas por los peticionarios, que no están sustentadas por documentación alguna, y en torno a las cuales la parte demandada no ha tenido la oportunidad de expresarse. Inclusive, y precisamente por razón de la falta de documentación presentada, los peticionarios no han demostrado que poseen legitimación activa para instar su reclamo. Ello, de por sí, conllevaría la desestimación del recurso ante nuestra consideración. Los principios más básicos del debido proceso de ley, en su vertiente procesal, independientemente de la importancia del interés público involucrado, militan en contra de privar a una parte de ser oída y presentar evidencia para refutar las pretensiones formuladas en su contra. Alegar la inconstitucionalidad de una ley, sin más, no puede servir de pretexto para preterir exigencias procesales y requerir la intervención de este Tribunal a destiempo. A fin de cuentas, el derecho a la libertad de expresión que reclaman los peticionarios es de tanta envergadura como el derecho a ser oído de la parte demandada.

El Juez Asociado señor Martínez Torres está conforme y hace constar la siguiente expresión a la cual se unen la Jueza Presidenta Oronoz Rodríguez y los Jueces Asociados señor Feliberti Cintrón y señor Colón Pérez:

Estoy de acuerdo con proveer no ha lugar al recurso de certificación intrajurisdiccional en estos momentos y, en cambio, instar al Tribunal de Primera Instancia que celebre una vista en la que reciba prueba y emita una sentencia en un

plazo breve. Con ese curso de acción evitamos expedir el auto de certificación intrajurisdiccional a destiempo, pues el caso no se encuentra listo para que este Tribunal lo adjudique en los méritos en este momento. Véase Doral v. ELA, 191 DPR 95 (2014). En este caso aplica la regla general que ha seguido este Tribunal al no certificar un caso (aunque presente cuestiones de alto interés público) en el que se requiere la presentación de prueba. Véase Alvarado Pacheco y otros v. ELA, 188 DPR 594, 622-623 (2013) (Resolución).

Debo enfatizar que el recurso de certificación es "de carácter excepcional porque la norma preferida en nuestro ordenamiento es que los casos maduren durante el trámite ordinario para evitar así que el foro de última instancia se inmiscuya a destiempo". U.P.R. v. Laborde Torres y otros I, 180 DPR 253, 272 (2010). Los **nueve** integrantes de este Tribunal hemos reconocido que la controversia que se plantea en este caso amerita una solución rápida. Por otro lado, los **nueve** miembros de este Tribunal también estamos de acuerdo en que el caso requiere que se presente prueba ante un juez del Tribunal de Primera Instancia. **Todos** coincidimos en el plazo de tiempo corto en que el caso se debe atender. Asimismo, **todos** estamos de acuerdo en que ese juez deberá evaluar la prueba. La única diferencia real es si ese juez va a dictar sentencia con las consabidas conclusiones de derecho o si se debería limitar a emitir las determinaciones de los hechos probados.

Hoy decidimos que es preferible que ese juez emita una sentencia completa, como disponen las reglas procesales. No hay razón para pensar que no lo va a hacer en los términos que se disponen en nuestra Resolución. Si no lo hiciera, hay remedios disponibles en nuestro ordenamiento legal.

En cuanto a la preocupación de varios jueces, cabe señalar que la denegatoria del recurso de certificación no deja indefensos a los peticionarios. El caso continúa su trámite a paso acelerado. Si los peticionarios prevalecen, el Tribunal de Primera Instancia está facultado para proteger sus derechos constitucionales mediante un interdicto con efecto inmediato y cualquier otro remedio que estime

conveniente. Regla 52.3(d) de Procedimiento Civil, 32 LPRA Ap. V, R.52.3(d). Además, nada impide que una vez el foro primario emita su sentencia, de ser necesario, expidamos el auto de certificación y emitamos el dictamen correspondiente. Regla 52.2(d) de Procedimiento Civil, 32 LPRA Ap. V, R.52.2(d).

En un foro colegiado, la búsqueda de consensos y puntos comunes es crucial para que el Pueblo confíe en nuestros dictámenes. Como la Resolución que hoy emitimos es producto del consenso y de la aplicación del Derecho, atiende los reclamos de las partes y permite que se haga justicia rápida y efectiva, voto conforme.

La Jueza Asociada señora Pabón Charneco disiente y hace constar la siguiente expresión a la cual se unen los Jueces Asociados señor Kolthoff Caraballo, señor Rivera García y señor Estrella Martínez:

Disiento enérgicamente del curso de acción tomado por una Mayoría de los integrantes de este Foro de declarar no ha lugar el recurso de certificación intrajurisdiccional peticionado. En lugar de postergar innecesariamente la expedición del auto remitiéndolo al foro primario, hubiese certificado y paralizado los efectos de la Ley impugnada.

Estimo que por tratarse de un asunto de alto interés público en el cual se levantan serios cuestionamientos sobre la constitucionalidad de las enmiendas introducidas a la Ley Núm. 222-2011 mediante la Ley Núm. 233-2014, y tomando en consideración la proximidad de los comicios que se celebrarán en noviembre del año en curso, este asunto ameritaba preterir el trámite ordinario. En lugar de hacer uso de las facultades que posee este Tribunal para atender controversias revestidas de un alto interés público como las que presenta el caso de epígrafe, hoy una Mayoría de este Tribunal decidió soslayar su deber de velar por los derechos constitucionales de las partes bajo el pretexto de que nuestra intervención en este momento no es oportuna.

En vista de que mi recomendación para expedir el recurso de certificación

intrajurisdiccional, únicamente obtuvo el voto de conformidad de los jueces asociados señores Kolthoff Caraballo, Rivera García y Estrella Martínez, solo resta esperar que el foro primario no haga caso omiso a la "sugerencia" hecha por este Tribunal de atender las controversias planteadas en un término de quince (15) días.

El Juez Asociado señor Rivera García disiente y hace constar la expresión siguiente a la cual se unen la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señor Kolthoff Caraballo y señor Estrella Martínez:

"Respetuosamente, **<u>disiento</u>** de la determinación que hoy toman cinco miembros de este Tribunal de declarar no ha lugar el recurso de certificación intrajurisdicional peticionado. Si bien reitero mi posición de que este Tribunal debe utilizar sabiamente el ejercicio de su discreción y conforme a ello no debe avalar la preterición de los trámites judiciales ordinarios en cualquier caso en que se haga un reclamo de naturaleza constitucional, entiendo que las interrogantes contenidas en el presente caso sí ameritaban tal preterición, de manera que las partes obtuvieran una respuesta definitiva, certera, pero sobre todo, **<u>oportuna</u>** por parte de este Alto Foro.

La impugnación contenida en este caso de varios artículos de la Ley Núm. 222-2011, conocida como "Ley para la Fiscalización del Financiamiento de Campañas Políticas en Puerto Rico", según enmendada por la Ley Núm. 233-2014, plantea serias interrogantes de índole constitucional cuya evaluación se hace apremiante ante la proximidad de los procesos electorales y de la inminencia de las campañas políticas que naturalmente involucran tales procedimientos. Particularmente, cuando la enmienda introducida por la Asamblea Legislativa conlleva un escenario novedoso en nuestra legislación electoral y bajo el cual, según alegan los peticionarios, se imponen serias limitaciones al derecho de libertad de expresión que cobijan a nuestros ciudadanos y ciudadanas. Ante ese escenario revestido de patente e innegable interés público, genuinamente, se me escapa al entendimiento cómo cinco miembros de este Tribunal votan para denegar el recurso solicitado y de esa manera continuar dilatando la resolución definitiva de la controversia.

Es mi criterio que este Tribunal debió acoger el recurso de certificación solicitado y atenderlo según las disposiciones de la Regla 50 de nuestro Reglamento. Asimismo, debimos nombrar un Comisionado Especial que recibiera la evidencia que las partes tuvieran a bien presentar con el objetivo de que éste emitiera las determinaciones de hechos correspondientes en un plazo de una semana. Una vez recibido el Informe del Comisionado Especial, debimos brindarle a las partes un término de cinco (5) días para que presentaran sus respectivas posiciones y el caso quedara entonces sometido para nuestra adjudicación. Ese era el proceder expedito que ameritaba el presente caso, pero con el cual cinco compañeros y compañeras no estuvieron de acuerdo. Siendo así, no me resta más que disentir enérgicamente."

El Juez Asociado señor Estrella Martínez emitió un Voto particular disidente al cual se unen la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señor Kolthoff Caraballo y señor Rivera García.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Partido Nuevo Progresista representado por su Secretario William Villafañe Ramos; Elías F. Sánchez Sifonte; y Ángel Luis Ramos<br><br>Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico y Oficina del Contralor Electoral<br><br>Recurridos | CT-2016-11 | |

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ, al cual se une la Jueza Asociada SEÑORA PABÓN CHARNECO y los Jueces Asociados SEÑORES KOLTHOFF CARABALLO Y RIVERA GARCÍA

> *El principio rector de la democracia representativa es que el gobierno electo por la mayoría de los gobernados surja de un sistema electoral fundamentado en guías y procedimientos que estimulen el ejercicio del derecho al voto por los electores, de forma igual, directa, secreta y libre de coacción. […] La meta de toda democracia debe ser que cada elector sienta la seguridad de que existen unas reglas uniformes que serán implementadas de manera equitativa a todos los participantes de cada evento. Véase Exposición de Motivos de la Ley para la Fiscalización del Financiamiento de Campañas Políticas de Puerto Rico, Ley Núm. 222-2011, según enmendada, 16 LPRA sec. 621 et seq.*

En San Juan, Puerto Rico, a de 8 de julio de 2016.

La Mayoría de este Tribunal declina utilizar la herramienta del recurso de certificación para promover una

administración justa, rápida y económica de una controversia de alto interés público ante el reclamo de los peticionarios de su privación para aportar donativos a la campaña política de un candidato a Gobernación, por razón de que lo apoyaron como aspirante durante el proceso de primarias.

Los peticionarios alegan que tal acción es contraria a la norma históricamente consagrada de que los donativos por año natural de los aspirantes a un puesto era separado e independiente al límite aplicable como candidato, es decir, que tales limitaciones son para cada proceso electoral. *Véase,* Art. 6.002 de la Ley Núm. 222-2011, 16 LPRA ant. sec. 625b (2012). Asimismo, arguyen que la enmienda incorporada por la aprobación de la Ley Núm. 233-2014 respondió al propósito de afectar la capacidad económica de los aspirantes a la Gobernación del Partido Nuevo Progresista para realizar una campaña política a la candidatura de la Gobernación en igualdad de condiciones. Por tanto, imputan que ello viola sus derechos constitucionales a la libertad de expresión e igual protección de las leyes electorales. Además, exigen que este Tribunal atienda sus reclamos en atención a la inminente necesidad de que se resuelva el asunto con prontitud de cara a un proceso electoral y para evitar que la controversia se torne académica.

Como es sabido, de forma consecuente he expresado que es deber de este Tribunal atender de forma eficaz los reclamos de las partes. *Véanse*: Voto particular disidente

en Asoc. Abo. PR v. Gobernador I, 193 DPR 697, 699-701 (2015); Voto de conformidad en AMPR *et als.* v. Sist. Retiro Maestros I, 190 DPR 77, 80 (2014). Asimismo, ha sido mi norte la viabilidad de la oportuna, justa, rápida y económica administración de las controversias. *Véase* Voto particular disidente en Rivera Schatz v. ELA y C. Abo PR I, 191 DPR 470, 478 (2014). Igualmente, he recalcado que en este tipo de asuntos, la respuesta adecuada de este Tribunal consiste en traer ante la atención inmediata el reclamo de las partes cuando ello resulta necesario para conceder un remedio adecuado, completo y oportuno. *Véase* Voto particular en Alvarado Pacheco y otros v. ELA, 188 DPR 594, 646, 653, 657 (2013).

Entiendo que lo planteado por las partes es un asunto de alto interés público que exigía que este Tribunal actuara con celeridad. Se trata de una controversia que permea sobre el derecho de los ciudadanos y ciudadanas a participar en nuestro sistema democrático y a su libertad de expresión. La Constitución de Puerto Rico claramente establece que "el sistema democrático es fundamental para la vida de la comunidad puertorriqueña" y, a su vez, "se asegura la libre participación del ciudadano en las decisiones colectivas". *Véase* Preámbulo de la Const. del ELA, 1 LPRA. Así, la Constitución garantiza la expresión de la voluntad del pueblo mediante el sufragio universal y advierte que se protegerá al ciudadano de "toda coacción en el ejercicio de su prerrogativa electoral". Art. II Sec. 2 de la Const. Del ELA, 1 LPRA. En virtud de ese claro

mandato, la política pública es permitir el ejercicio del derecho al voto "en todo proceso electoral". Íd.

Como parte de ese derecho, está el poder apoyar económicamente a los candidatos que comparten los ideales que representan a cada elector en cada evento electoral. Cualquier interferencia con ese derecho debe ser examinada de forma estricta y con apremio ante la realidad de un proceso electoral vigente. La enajenación de esta realidad, repercute irrazonablemente en el clamor a ejercer un derecho de arraigo constitucional. Peor aún, al declinar ejercer nuestra jurisdicción nos vemos impedidos de ordenar la celeridad del trámite ante el Tribunal de Primera Instancia, y sólo nos limitamos a instarle para que actúe con premura. De igual forma, el curso de acción adoptado por una Mayoría de este Tribunal diluye el remedio completo, adecuado y oportuno que reclaman los peticionarios.

Al tomar conocimiento judicial de las normas reglamentarias adoptadas por la parte demandada, hubiera expedido el *Recurso de Certificación Intrajurisdiccional* presentado, atendido de forma expedita el asunto y emitido una orden al Comisionado Electoral a los fines de dejar sin efecto, hasta que este Tribunal determine lo contrario, cualquier determinación que impida a un ciudadano o ciudadana aportar el límite permitido por la Ley Núm. 222-2011, según enmendada, a favor de un candidato a un puesto electoral por razón de haber aportado el referido límite cuando éste era aspirante al puesto durante el proceso de

primarias. Como el curso de acción  laxo  adoptado por una Mayoría   de este Tribunal no provee esas garantías, disiento. Contrario al trámite urgente que reclaman las propias normas electorales básicas, esta controversia continuará dilatándose con el riesgo de diluirse cada día más las garantías constitucionales invocadas.


                              Luis F. Estrella Martínez
                                   Juez Asociado