ANÍBAL VEGA BORGES, en su capacidad oficial como COMISIONADO ELECTORAL DEL PARTIDO NUEVO PROGRESISTA, peticionario, *v.* LIZA GARCÍA VÉLEZ, en su capacidad oficial como PRESIDENTA DE LA COMISIÓN ESTATAL DE ELECCIONES; GUILLERMO SAN ANTONIO ACHA, en su capacidad oficial como COMISIONADO ELECTORAL DEL PARTIDO POPULAR DEMOCRÁTICO; PARTIDO INDEPENDENTISTA PUERTORRIQUEÑO (PIP), por conducto de su COMISIONADO ELECTORAL SR. ROBERTO I. APONTE BERRÍOS, y PARTIDO DEL PUEBLO TRABAJADOR (PPT), por conducto de su COMISIONADO ELECTORAL DR. JOSÉ F. CÓRDOVA ITURREGUI, recurridos.

*Número:* CT-2016-0015     *Resuelto:* 28 de octubre de 2016

*María Elena Vázquez Graziani, Hamed G. Santaella Carlo* y *Alfonso A. Orona Amilivia,* abogados de Aníbal Vega Borges, Comisionado Electoral del Partido Nuevo Progresista, parte peticionaria.

## RESOLUCIÓN

Examinado el Recurso de Certificación Intrajurisdiccional presentado por la parte peticionaria, *se declara "con lugar"*.

En virtud de la Regla 51 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, nombramos a la Hon. Aileen Navas Auger, jueza que preside el caso en el foro primario, como Comisionada Especial. Se ordena a la Comisionada que celebre una vista evidenciaria mañana y, de ser necesario, el domingo, y a que rinda un informe con sus determinaciones de hecho y conclusiones de derecho.

Dada la pronta atención que requiere este caso, la Comisionada Especial deberá presentar su informe ante este Tribunal el martes 1 de noviembre de 2016 a las 3:00 p. m. Una vez recibido el informe, las partes tendrán hasta el miércoles 2 de noviembre de 2016 a las 3:00 p. m. para presentar sus alegatos.

*Se declara "con lugar", además, la Moción Urgente en Auxilio de Jurisdicción presentada por la peticionaria. A tales efectos, se ordena a la Comisión Estatal de Elecciones que inicie el proceso de recoger los votos de las personas cuyas solicitudes fueron denegadas en un sobre de objeción conforme lo dispuesto en el Manual de Procedimiento para el Voto Adelantado en el Colegio de Fácil Acceso en el Domicilio para las Elecciones Generales 2016 de 11 de agosto de 2016.*

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado Señor Kolthoff Caraballo hizo constar la siguiente expresión, a la cual se unió la Jueza Asociada Señora Pabón Charneco:

Estoy conforme con lo dispuesto en la noche de hoy por este Tribunal y, en especial, con el remedio provisional provisto. Nada es más importante que asegurar que el elector ejerza su derecho al voto y que el proceso inicie como ha sido previsto. Además, me siento confiado en que los mecanismos tradicionalmente utilizados para este tipo de expresión electoral —que son los mismos que se utilizarán en estos sufragios— evitan cualquier intención de fraude; esto es, al elector que,

por haber solicitado ejercer su voto desde su hogar como "voto encamado", su nombre aparece en una lista de excluidos. En el supuesto de que este elector pretenda votar nuevamente el día del evento electoral, su nombre aparecerá en la lista de excluidos, por lo que no se le permitirá votar o, en la alternativa, votará como elector añadido a mano para que posteriormente se verifique que no haya votado dos veces. Siendo así, ¿cómo conseguirá ese elector de voto encamado votar dos veces?

El Juez Asociado Señor Estrella Martínez emitió un Voto particular de conformidad, al cual se unieron la Jueza Asociada Señora Pabón Charneco y los Jueces Asociados Señor Kolthoff Caraballo y Señor Rivera García.

La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado Señor Feliberti Cintrón proveerían "no ha lugar" al remedio provisional solicitado por la parte peticionaria. La Juez Asociada Señora Rodríguez Rodríguez proveería "no ha lugar" a la certificación y al remedio provisional ordenado, y permitiría que el Tribunal de Primera Instancia atienda el caso de manera rápida y expedita. El Juez Asociado Señor Colón Pérez hizo constar la expresión siguiente:

> Proveería "no ha lugar" a la Moción Urgente en Auxilio de Jurisdicción, así como a la Petición de Certificación presentada en el caso de referencia, por entender que el peticionario no lo ha puesto en posición para rebatir la presunción de corrección que tiene la decisión emitida por la Comisión Estatal de Elecciones, la que, a su juicio, en toda su extensión, es correcta y fundamentada, y solo tiene el propósito de garantizar la pureza del proceso electoral que se avecina impidiendo que ciudadanos y ciudadanas que forman parte de este litigio obtengan *de forma ilegal y fraudulenta* una ventaja indebida en las elecciones generales de 2016 al no acreditar adecuadamente que deben ser tratados como personas con impedimentos de movilidad (encamados). Véanse: Art. 9.039 de la Ley Electoral de Puerto Rico, 16 LPRA sec. 4179; Reglamento de Voto Ausente y Voto Adelantado de Primarias 2016 y Elecciones Generales 2016 de 25 de mayo de 2016; Manual de Procedimientos para el Voto Adelantado en el Colegio de Fácil Acceso en el Domicilio para las Elecciones Generales de 11 de agosto de 2016.

*(Fdo.)* Juan Ernesto Dávila Rivera
*Secretario del Tribunal Supremo*

— O —

Voto particular de conformidad emitido por el Juez Asociado Señor Estrella Martínez, al cual se une la Jueza Asociada Señora Pabón Charneco y los Jueces Asociados Señores Kolthoff Caraballo y Rivera García.

A menos de 24 horas para iniciar una de las fases más importantes del proceso electoral, este Tribunal responsablemente otorga un remedio oportuno a unos electores que reclaman su derecho al voto adelantado por razón de su condición física. Consecuente con mi postura de utilizar el mecanismo de la certificación en controversias relacionadas con el interés público, estoy conforme con el proceder de la Mayoría de este Tribunal.

I

Hoy el Comisionado Electoral del Partido Nuevo Progresista, Aníbal Vega Borges (Comisionado del PNP), presentó una Moción Urgente en Auxilio de Jurisdicción, en la cual solicitó la certificación del caso de epígrafe y un remedio para permitir el inicio ordenado mañana del proceso de votación de personas con problemas de movilidad; ello por tratarse de un asunto de alto interés público concerniente al derecho al voto de ciertos electores que solicitaron el voto adelantado dadas sus condiciones de salud.[1] Ante la proximidad del evento electoral, el Comisionado del PNP nos solicita que certifiquemos la controversia para que no se torne académica y no afecte el derecho constitucional al sufragio de esos electores. En esta misma fecha presentó el Recurso de Certificación Intrajurisdiccional por entender que la controversia requiere una solución urgente y una intervención

---

[1] El proceso para el voto de las personas encamadas con impedimento de movilidad que cualifiquen como electores de fácil acceso en el domicilio comienza 10 días antes de la fecha de las elecciones generales, es decir, *el 29 de octubre de 2016.* Véase 16 LPRA sec. 4179(m).

inmediata y oportuna de este Tribunal, para garantizar así el derecho al voto de aproximadamente 800 electores que no podrían ejercer este derecho constitucional.

El trasfondo del asunto ante este Tribunal consiste en una serie de impugnaciones para que determinados electores no puedan acogerse al derecho al voto adelantado por sus condiciones de salud. En resumidas cuentas, las oposiciones consisten en varias alegaciones que se pueden agrupar en el cuestionamiento de la facultad del profesional que certificó los formularios por razón de no residir en el municipio del elector; o no tener oficina médica propia y por interpretarse que el facultativo no podía ejercer un juicio clínico sobre la dificultad de movilizarse de los electores hacia un centro de votación, entre otros errores clericales subsanables.[2]

Ante la falta de consenso de los comisionados electorales, la Comisión Estatal de Elecciones atendió el asunto y decidió sobre cada caso en particular lo que entendió procedente. Inconformes con ciertas determinaciones, el Comisionado del PNP instó oportunamente el recurso correspondiente ante el Tribunal de Primera Instancia para que se resolviera en forma definitiva si procedía permitir a estos electores el voto adelantado.

## II

Es norma arraigada en nuestra jurisdicción que el derecho al voto de la ciudadanía en todos los procesos está consagrado en la Constitución de Puerto Rico. Art. II, Sec. 2,

---

[2] Para fines de la concesión del remedio urgente solicitado por los peticionarios, aun asumiendo que las alegaciones de los comisionados locales que formularon las impugnaciones son correctas, opino que procede, en esta etapa de los procedimientos, salvaguardar el derecho constitucional de los electores con problemas de movilidad y autorizar que ejerzan su sufragio depositando sus votos en un sobre cerrado individual hasta que este Tribunal disponga de la controversia. Salvaguardar el ejercicio del derecho al voto tiene mayor preminencia, conforme al mandato de nuestro ordenamiento electoral, y no está reñido con cualquier dictamen posterior que proceda en derecho.

Const. ELA, LPRA, Tomo 1. Asimismo, la Ley Electoral del Estado Libre Asociado de Puerto Rico, Ley Núm. 78-2011, según enmendada, 16 LPRA sec. 4001 *et seq.* (Ley Electoral), afianza la expresión electoral, pues ésta representa el más eficaz instrumento de expresión y participación ciudadana en un sistema democrático de gobierno. Art. 2.002 de la Ley Electoral, 16 LPRA sec. 4002.

El derecho al sufragio es inviolable y no se puede impedir a un elector que ejerza su derecho al voto, a no ser por las disposiciones dispuestas en el estatuto o la orden emitida por un Tribunal de Justicia con competencia. De esta forma, la Ley Electoral dispone que "no se podrá rechazar, cancelar, invalidar o anular el registro o inscripción legal de un elector o privar a un elector calificado de su derecho al voto mediante reglamento, orden, resolución, interpretación o cualquier otra forma que impida lo anterior". Art. 6.006 de la Ley Electoral, 16 LPRA sec. 4066.

En aras de proteger el derecho al voto de todo el electorado, la Ley Electoral atendió la situación particular de aquellos electores debidamente calificados que, por determinadas situaciones, no pueden ejercer su voto el día de las elecciones. Véase Art. 9.039 de la Ley Electoral, 16 LPRA sec. 4179. La Ley Electoral dispuso el proceso que garantizará el voto de las personas con impedimento de movilidad, supervisado por la Junta Administrativa del Voto Ausente (JAVA). En lo que nos concierne, las personas con impedimentos de movilidad (los encamados) que cualifiquen podrán solicitar el voto adelantado. En los casos que el voto adelantado se solicite porque el elector sufre de algún tipo de condición médica que le impida asistir a su colegio de votación, se provee un formulario para que *el médico de cabecera o de tratamiento del elector certifique: que el elector presenta un problema de movilidad física que sea de tal naturaleza que le impida a acudir a su centro de votación".* (Énfasis suplido). 16 LPRA sec. 4179. Véase, además, Reglamento de Voto Ausente y Voto Adelantado de Primarias

2016 y Elecciones Generales 2016, Comisión Estatal de Elecciones, 25 de mayo de 2016, Secs. 6.1 y 6.6 (Reglamento).[3]

Ciertamente, tanto la Ley Electoral como el Reglamento no imponen trabas mayores para que los electores con problemas de movilidad puedan ejercer su derecho al voto de forma adelantada. Lo único que se les requiere es la solicitud cumplimentada y una certificación de su médico de cabecera o de un médico de tratamiento que certifique el tipo de impedimento para acudir al centro de votación. Asimismo, el Manual de Procedimientos para el Voto Adelantado en el Colegio de Fácil Acceso en el Domicilio para las Elecciones Generales 2016,[4] aprobado el 11 de agosto de 2016, establece que el elector o una persona de su confianza puede gestionar ante la Junta de Inscripción Permanente o en la página electrónica de la Comisión Estatal de Elecciones la solicitud para votar y que ésta deberá estar certificada por su médico de cabecera o de tratamiento. Además, requiere que la solicitud tenga la firma de cada elector, salvo que éste tenga impedimentos que no le permitan firmar o que no sepa leer o escribir, en cuyo caso podrá hacer una marca y una persona autorizada por él certificará como testigo. Por lo tanto, no existe en el Ley Electoral ningún requisito adicional; sólo el que un médico certifique que ese elector tiene una condición que le impide acudir al centro de votación.

## III

Ciertamente, corresponde a este Tribunal atender de forma eficaz y oportuna si procede el voto adelantado de los electores ante nuestra consideración. Por ello, estoy con-

---

[3] Véase http://aceproject.org/ero-en/regions/americas/PR/puerto-rico-reglamento-de-voto-ausente-y-voto.

[4] Para saber con detalle las disposiciones de este manual, véase http://aceproject.org/ero-en/regions/americas/PR/puerto-rico-manual-de-procedimientos-para-el-voto.

forme con el curso de acción de la Mayoría de este Tribunal de proveer un remedio adecuado, completo y oportuno. Véanse: Voto particular disidente emitido por el Juez Asociado Señor Estrella Martínez en *PNP v. ELA*, 196 DPR 42, 47 (2016); Voto particular disidente emitido por el Juez Asociado Señor Estrella Martínez en *Asoc. Abo. PR v. Gobernador I*, 193 DPR 697, 699–701 (2015); Voto particular disidente emitido por el Juez Asociado Señor Estrella Martínez en *Rivera Schatz v. ELA y C. Abo. PR I*, 191 DPR 470, 478 (2014); Voto particular de conformidad emitido por el Juez Asociado Señor Estrella Martínez en *AMPR et als. v. Sist. Retiro Maestros I*, 190 DPR 77, 80 (2014); Voto particular emitido por el Juez Asociado Señor Estrella Martínez en *Alvarado Pacheco y otros v. ELA*, 188 DPR 594, 646, 653 y 657 (2013).

En lo que nos concierne, denegar el remedio urgente solicitado hoy atentaría contra la uniformidad de los trabajos electorales, desorientaría al electorado y se alejaría del tratamiento dado a los votos impugnados. Denegar el remedio solicitado conllevaría ignorar la preminencia en el reclamo de cientos de electores en cuanto a su impedimento para ejercer su derecho constitucional. En atención a ello, estoy conforme con la certificación del recurso ante nuestra consideración, que concede el remedio solicitado; es decir, que se permita a los electores ejercer el voto por adelantado desde mañana 29 de octubre de 2016 y que esos votos se recojan en un sobre cerrado individual con la correspondiente objeción hasta que este Tribunal decida si procede contabilizarlos y así garantizar su derecho constitucional.