EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Orlando José Aponte Rosario; Hon. Rafael Hernández Montañez; Hon. José Varela Fernández; Hon. Ángel R. Matos García; Hon. Carlos A. Bianchi Angleró; Hon. Jesús Manuel Ortiz; Hon. Ramón Luis Cruz Burgos; Carlos Rodolfo Colón Rosario; Leslie Ramos Rodríguez<br><br>Peticionarios<br><br>v.<br><br>Presidente Comisión Estatal de Elecciones; Estado Libre Asociado de Puerto Rico<br><br>Recurridos<br>_____<br><br>Hon. Luis Ricardo Vega Ramos en su carácter personal y como representante a la Cámara de Representantes del Estado Libre Asociado de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Presidente Comisión Estatal de Elecciones; Estado Libre Asociado de Puerto Rico<br><br>Recurridos | 2020 TSPR 111<br><br>205 DPR _____ |

Número del Caso:  MD-2020-2
                  cons. con
                  MD-2020-5


Fecha:  21 de septiembre de 2020


Abogados de la parte peticionaria:

      Lcdo. Lucas Córdova Ayuso
      Lcdo. Alberto C. Rivera Ramos
      Lcdo. Orlando José Aponte Rosario


Abogado de la parte recurrida:

      Lcdo. Félix R. Passalaqua Rivera

Abogado del Hon. Luis Vega Ramos:

    Lcdo. Ricardo Arrillaga Armendáriz


Oficina del Procurador General:

    Lcdo. Isaías Sánchez Báez
    Procurador General

    Lcdo. Pedro A. Vázquez Montijo
    Subprocurador General

    Lcdo. Carlos Lugo Fiol


Abogados del Partido Nuevo Progresista:

    Lcdo. Carlos J. Sagardía Abreu
    Lcdo. Antonio A. Hernández Almodóvar



Materia:  Resolución del Tribunal con Voto Particular Disidente.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Orlando José Aponte Rosario; Hon. Rafael Hernández Montañez; Hon. José Varela Fernández; Hon. Ángel R. Matos García; Hon. Carlos A. Bianchi Angleró; Hon. Jesús Manuel Ortiz; Hon. Ramón Luis Cruz Burgos; Carlos Rodolfo Colón Rosario; Leslie Ramos Rodríguez<br><br>Peticionarios<br><br>v.<br><br>Presidente Comisión Estatal de Elecciones; Estado Libre Asociado de Puerto Rico<br><br>Recurridos<br>_____<br><br>Hon. Luis Ricardo Vega Ramos en su carácter personal y como representante a la Cámara de Representantes del Estado Libre Asociado de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Presidente Comisión Estatal de Elecciones; Estado Libre Asociado de Puerto Rico<br><br>Recurridos | MD-2020-002<br><br>cons. con<br><br>MD-2020-005 |

RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de septiembre de 2020.

Evaluada la *Moción en auxilio y solicitud de paralización de orden* presentada por los peticionarios del MD-2020-002, se provee no ha lugar.

**Adelántese por la vía telefónica y notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez esta conforme y hace constar la expresión siguiente:

Ante la experiencia de las primarias celebradas el pasado mes de agosto y por ser lo procedente en derecho, estoy conforme con avalar las determinaciones contenidas en la Resolución emitida por el nuevo Presidente de la Comisión Estatal de Elecciones, ante la falta de consenso de los Comisionados Electorales. Aunque este Tribunal tiene la facultad para emitir remedios oportunos en eventos electorales antes de que recaiga una sentencia final y firme, considero que en este caso particular no procede ejercerla porque la solicitud de los peticionarios tendría el efecto directo de retrasar el proceso de impresión de todas las papeletas para el próximo 3 de noviembre. No se trata de inconsistencia sino de improcedencia en derecho. El récord de votación de todos los jueces y juezas de este Tribunal es público. Afuera de este recinto conocen bien quién es consistente o inconsistente con sus decisiones, ya sea para restringir o reconocer garantías individuales. Adviértase que en este caso también se encuentran presentes importantes garantías, tales como el derecho al voto y la libertad de expresión. Esas garantías no deben ser paralizadas en el día de hoy, como pretenden los peticionarios y avala la disidencia. Por eso, consecuentemente estoy conforme con la determinación de este Tribunal de denegar una acción que sería totalmente contraria a la agilidad que requieren los trabajos de las próximas elecciones generales.

La Jueza Presidenta Oronoz Rodríguez hubiese provisto ha lugar y hace constar la expresión siguiente:

La Jueza Presidenta Oronoz Rodríguez hubiese concedido la solicitud para paralizar la impresión de las papeletas del plebiscito pautado para el 3 de noviembre de 2020 hasta tanto este Tribunal se exprese sobre los recursos que una mayoría determinó expedir.

Este proceder cobra extrema relevancia ante una controversia que versa precisamente sobre el desembolso indebido de los fondos que le pertenecen al pueblo puertorriqueño, al amparo de la Sección 9, Art. VI, de nuestra Constitución. Art. VI, Sec. 9, Const. ELA, LPRA, Tomo 1.

La Juez Asociada señora Rodríguez Rodríguez emitió un voto particular disidente, al cual se une el Juez Asociado señor Colón Pérez.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Orlando José Aponte Rosario; Hon. Rafael Hernández Montañez; Hon. José Varela Fernández; Hon. Ángel R. Matos García; Hon. Carlos A. Bianchi Angleró; Hon. Jesús Manuel Ortiz; Hon. Ramón Luis Cruz Burgos; Carlos Rodolfo Colón Rosario; Leslie Ramos Rodríguez

Peticionarios

v.

Presidente Comisión Estatal de Elecciones; Estado Libre Asociado de Puerto Rico

Recurridos

**Núm.**MD-2020-0002

cons. con

MD-2020-0005

Hon. Luis Ricardo Vega Ramos en su carácter personal y como representante a la Cámara de Representantes del Estado Libre Asociado de Puerto Rico

Peticionario

v.

Presidente Comisión Estatal de Elecciones; Estado Libre Asociado de Puerto Rico

Recurridos

Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez a la que se une el Juez Asociado señor Colón Pérez

En San Juan, Puerto Rico, a 21 de septiembre de 2020.

Disiento del curso de acción de la mayoría. Por el contrario, paralizaría los procedimientos ante la Comisión Estatal de Elecciones (CEE) conducentes a la digitalización

e impresión final de las papeletas que se utilizarán en el plebiscito. Ello, por estar convencida de que el plebiscito que se habrá de celebrar el 3 de noviembre de 2020 contraviene la Sección 9 del Artículo VI de nuestra Constitución y la jurisprudencia interpretativa de este Tribunal. Así, al negarme a expedir el recurso de *mandamus* presentado, advertí que -ostensiblemente- la intención de una mayoría era dejar sin efecto esa jurisprudencia. Véase *Res. de 25 de agosto de 2020*.

La mayoría se vale del texto de una ley a todas luces contraria a una disposición constitucional y a un precedente de gran arraigo en nuestro ordenamiento electoral, para declinar actuar en auxilio de nuestra jurisdicción y conceder la solicitud de los peticionarios. Se arguye que la ley en cuestión nos priva de jurisdicción para actuar en estos momentos.[1] Con este proceder de la

---

[1] La mayoría se aferra al texto del Artículo 8.3 de la Ley Núm. 51-2020, de nombre "Ley para la Definición Final del Estatus Político de Puerto Rico", que dispone:

(b) A los fines de evitar que, controversias o litigios relacionados con adquisiciones o contrataciones de bienes y servicios que sean necesarios para este plebiscito puedan menoscabar el cumplimiento de su planificación, coordinación, calendario y realización, la Comisión evaluará y decidirá directamente sobre la adjudicación a su mejor discreción. No habiendo unanimidad entre los votos de la Comisión, será el Presidente quien deberá decidir la adjudicación. Ninguna demanda o recurso legal de este tipo presentado en un tribunal de justicia podrá paralizar la determinación o adjudicación administrativa de la Comisión a menos que la Orden, Decisión o Sentencia advenga final y firme.

mayoría se revela aún más la patente intención de lo que va a ocurrir en el recurso ante nuestra consideración.

Curiosamente, esa misma mayoría que ahora muestra inusitada deferencia a la Legislatura de turno, en el pasado, frente otra de distinta tonalidad, denunció ofendida los intentos de ésta de controlar "a su antojo la jurisdicción y competencia de este Tribunal", calificando tal proceder como "inaudito y claramente inconstitucional." *Alvarado Pacheco v. ELA*, 188 DPR 594, 612 (2013). Tal parece, pues, que los báculos de Jacob que se utilizan para medir la constitucionalidad de una actuación legislativa recorren la paleta de colores, y lo que le está constitucionalmente vedado a una, no le está a la de ahora.

Durante el día de hoy, como indiqué, la mayoría busca cobijo en una disposición estatutaria que –presuntamente– nos impide paralizar una actuación administrativa al privarnos de jurisdicción en esta etapa de los procedimientos. No logro descifrar por qué en este caso no nos encontramos frente al tipo de control "inaudito y altamente inconstitucional" que se denunció en el pasado. Parece que nuestro canon de hermenéutica constitucional tiene como valor primario "los caprichos momentáneos y arbitrarios de la[…] mayoría[…]." Véase, *Berríos Martínez v. Gobernador II*, 137 DPR 195, 210-211 (1994).

La actuación de la mayoría, pues, avala que la Comisión Estatal de Elecciones continúe disponiendo de fondos públicos para celebrar un evento electoral que adelanta una

ideología política en particular, como lo ha reconocido hasta el Departamento de Justicia de Estados Unidos. *Véase Carta de Jeffrey A. Rosen, Subsecretario de Justicia del Departamento de Justicia de Estados Unidos*, 29 de julio de 2020, en la pág. 3 ("Yet multiple aspects of Act 51-2020 make clear that it approaches the question of Puerto Rico's future status from a decidedly pro-Statehood, and anti-territorial, point of view."). No hay duda de que la búsqueda de una quimera, o de un mero espejismo, nos ha colocado ante un plebiscito claramente inconstitucional.

La mera afinidad con una ideología en particular no justifica una claudicación veleidosa de los integrantes de este Tribunal a su rol como máximes intérpretes de nuestra Constitución y garantes del estado de derecho que se asienta en los precedentes judiciales.[2] Por entender que el precedente pautado en *Báez Galib y otros v. Comisión Estatal de Elecciones*, 152 DPR 382 (2000) hace imperativa la paralización de los procedimientos ante la CEE y en protección de la independencia judicial, tengo la obligación de disentir.

                              Anabelle Rodríguez Rodríguez
                                    Juez Asociada

---

[2] *Véanse Cf., PIP v. ELA*, 186 DPR 1 (2012); *Com. PNP v. CEE et al. I*, 196 DPR 651 (2016); *Com. PNP v. CEE et al. III*, 196 DPR 706 (2016).